# EXHIBIT A

1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into between Plaintiff, STEVEN MATZURA, including his heirs, executors, administrators, successors, and assigns (hereinafter, collectively, "Plaintiff") and Defendant, FRIEDRICH PETZEL GALLERY INC., and its affiliates, parent companies, subsidiaries, divisions, successors and assigns (hereinafter, collectively, "Defendant").

WHEREAS, Plaintiff has alleged that Defendant operates a place of public accommodation and has the following website: *www.petzel.com* (hereinafter the "Website"), which is available through the Internet;

WHEREAS, Plaintiff filed a purported class action alleging that the Website is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Civil Rights Law, the New York State and New York City Human Rights Laws, and has filed suit in the U.S. District Court for the Southern District of New York (the "Court") entitled *STEVEN MATZURA, on behalf of himself and all other persons similarly situated, v. FRIEDRICH PETZEL GALLERY INC.* (Docket No. 1:19-cv-01210-AJN) (the "Action") alleging that the Website is not fully accessible to individuals with disabilities in violation of Title III of the ADA, state and local law.

WHEREAS, as of the execution of this Agreement, the Website is in substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WGAC") 2.0 Level AA and is accessible to individuals with disabilities in compliance with Title III of the ADA and state and local law.

WHEREAS, Defendant is committed to maintaining the Website in substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines

2

("WGAC") 2.0 Level AA or other then-prevailing applicable guidelines or legal standards that may govern in the future.

NOW THEREFORE, in consideration of the mutual promises contained therein, and intending to be legally bound, the parties agree, without admitting any fault or liability, as follows:

1.     General Release of Claims.  For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff shall release and discharge Defendant, together with its past, present, and future officers, directors, employees, stockholders, parent entities, sister entities, subsidiary entities, insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, each in its capacity as such (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action, but not including claims related to the enforcement of this Agreement.  This release specifically applies to all claims regarding the accessibility of the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims").  Plaintiff acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to

3

and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendant and the Released Parties.

2.    Payment.    No later than 30 calendar days after receiving Plaintiff's executed copy of this Agreement (including an executed copy of the Stipulation of Dismissal, in the form attached hereto as Addendum A) and Plaintiff's Counsel's IRS Form W-9, Defendant shall deliver to Plaintiff's Counsel: (i) payment in the agreed upon amount set forth in a confidential side letter (the "Settlement Payment"); and (ii) the counter-executed Agreement (including a counter-executed copy of the Stipulation of Dismissal).  The Settlement Payment consists of any and all compensatory damages, statutory penalties, reasonable attorneys' fees, expense, costs, including expert costs and any re-inspection cost, incurred or to be incurred in this matter, which are paid to Plaintiff's Counsel in lieu of statutory fees or penalties that might otherwise be recoverable under the ADA or otherwise applicable federal, state or local accessibility laws.

3.    Dismissal of Action.    Within three (3) business days of receiving the Settlement Payment and Defendant's counter-executed copy of this Agreement, Plaintiff shall file in the Action the Stipulation of Dismissal, dismissing the action with prejudice.

4.    Commitment To Substantial Conformance.    The Website is currently in substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WGAC") 2.0 Level AA.  Defendant commits to maintain the Website (or any successor website) in substantial conformance in reasonable respects with the applicable WGAC 2.0 Level AA.  Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0, Defendant shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

4

Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet the WCAG 2.0. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendant). The parties hereto further agree that Defendant can link to Third-Party Websites (as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by Defendants).

5.    Non-Admission of Wrongdoing. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant or the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.    Enforcement. Except for breach of payment pursuant to paragraph 2, which shall be subject to a 21-day Cure Period, if any of the parties hereto claim that this Agreement or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The party alleged to be in breach of the agreement must respond to such written notice of breach no later than sixty calendar days thereafter ("Cure Period"). If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek court enforcement of compliance with this Agreement.

7.    Authority. The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

8.    <u>Counterparts Permissible</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original against the party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all parties.  Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.

9.    <u>Notices</u>.  All letters, notices, requests, demands and other communication required or permitted to be given to the parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, and/or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:

Jeffrey M. Gottlieb, Esq.
Gottlieb & Associates
Attorneys at Law
150 East 18 St.
Suite PHR
New York, New York  10003
Email: NYJG@aol.com
Phone: 212-228-9795
Fax: 212-982-6284

For Defendant:

Maaren A. Shah, Esq.
Quinn Emanuel Urquhart & Sullivan LLP.
51 Madison Avenue, 22nd Floor
New York, NY 10010
Email: maarenshah@quinnemanuel.com
Phone: 212-849-7452
Fax: 212-849-7100

10.    <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles.  Any action to enforce the terms of this Agreement shall be filed exclusively in the state or federal court located in the borough of Manhattan, in the State of New York.

6

11.     Waiver.  If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

12.     Non-Assignment.  Plaintiff represents and warrants that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the Released Claims (as defined above), and that no other person or entity of any kind had or has any interest in any of the Released Claims or in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

13.     Successor and Assigns.  This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

14.     Amendment.  This Agreement may not be modified, altered, or changed except in writing and signed by all parties wherein specific reference is made to this Agreement.

15.     Construction of Agreement.  The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter.  The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

16.     Severability.  If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except paragraph 1 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.

7

17.   <u>Integration and Modification</u>. This Agreement and the confidential side letter contain all of the representations, promises, and understandings of the parties. There are no other agreements or understandings except as set forth therein.

*Intending to be legally bound, the parties have executed this Agreement.*


_____
Steven Matzura

Date: 4/18/19


_____
On behalf of Friedrich Petzel Gallery Inc.

Date: 4/23/19